IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,            :

      Plaintiff,                    :

vs.                                  :        CA 07-0484-WS-C

$33,877.73, MORE OR LESS, IN U.S.    :
CURRENCY,
                                     :
      Defendant.

## <u>REPORT AND RECOMMENDATION</u>

This cause is before the undersigned on the United States' motion to strike the claim and answer of Ana M. Hernandez (Doc. 21) and its motion for a report and recommendation (Doc. 30). Claimant has not filed a response to either motion. Both motions have been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of plaintiff's motions, and all other pertinent materials contained in this file, it is recommended that the claimant's answer (Doc. 8) and claim, as amended (Docs. 5-6), be **STRICKEN** given the claimant's willful failure to obey the lawful discovery orders of this Court (*see* Docs. 19 & 25).

## FINDINGS OF FACT

1.      On July 5, 2007, the United States of America filed a complaint for forfeiture *in rem* of $33,877.73 in United States currency, alleging that the defendant funds are subject to forfeiture, pursuant to 21 U.S.C. § 881(a)(6), as property constituting a thing or value furnished or intended to be furnished in exchange for controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.* (Doc. 1; *see id.* at ¶ 7 ("The DEA sought to administratively forfeit the seized defendant currency but through attorney Noel B. Leonard . . . Ms. Anna M. Hernandez filed a claim to oppose same. As a result, the DEA referred the matter to the United States Attorney's Office for civil judicial forfeiture."))

2.      On July 12, 2007, the United States served claimant, through her attorney, with copies of the Notice of Judicial Forfeiture Proceedings, the complaint *in rem*, the warrant of arrest and warrant of arrest *in rem*, by certified mail. (Doc. 2) The notice of forfeiture clearly informed Hernandez of her obligation to file a verified claim to the property within thirty days of service.

3.      A warrant for arrest of the defendant property was issued on July 19, 2007. (Doc. 3) The warrant for arrest was served by the United States

Marshal on August 24, 2007. (*See* Doc. 11)

4.      Ana M. Hernandez filed a claim of interest in the defendant property on August 6, 2007, pursuant to Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (Doc. 5) She filed an amended claim on August 9, 2007. (Doc. 6)

5.      Hernandez filed a motion to dismiss the complaint on August 22, 2007. (Doc. 7) Concurrent with the filing of the motion to dismiss, Hernandez also answered the complaint. (Doc. 8)

6.      This Court denied Hernandez's motion to dismiss on August 23, 2007. (Doc. 10)

7.      A scheduling order was entered in this case on October 12, 2007. (Doc. 17) On November 8, 2007, plaintiff filed a motion to compel the claimant to respond to propounded discovery. (Doc. 18) Plaintiff's motion was granted by endorsed order entered on November 14, 2007. (Doc. 19) "Claimant, Ana M. Hernandez, is ordered to respond to the relevant outstanding discovery not later than November 26, 2007 or suffer the appropriate sanction which could include the dismissal of her claim." (*Id.*)

8.      On November 26, 2007, the claimant's attorney, Noel B. Leonard, Esquire, filed a motion to withdraw. (Doc. 20) "Claimant Ana

Hernandez has refused to answer the Interrogatories and Requests for Production made by the Plaintiff. [] Such refusal has persisted [despite] counsel informing Claimant that such a refusal is not in her best interest, may result in a dismissal of her Claim, and would certainly result in the filing of this Motion." (*Id.*)

9.      On November 27, 2007, plaintiff filed a motion to strike the answer and claim of Ana Hernandez. (Doc. 21) This motion was referred to the undersigned by order dated November 28, 2007. (Doc. 22) The undersigned, by endorsed order dated December 14, 2007, took Leonard's motion to withdraw and plaintiff's motion to strike under advisement. (Doc. 25) "Claimant, Ana Maria Hernandez, is given until January 4, 2007 to respond to her lawyer's motion to withdraw and the plaintiff's motion to strike her claim. It will be most difficult not to recommend the striking of her claim should she fail to respond to this order or does not adequately explain why she refuses or is otherwise unable to comply with the orders of this Court. The Clerk shall mail a copy of this Order to Ana Maria Hernandez by certified mail, return receipt requested. It is also requested that Mr. Leonard make one last attempt to explain to her the consequences of failing to file a timely response to this Order." (*Id.*) This order was returned to the Court as unclaimed by Hernandez.

(Doc. 28)

10.     The plaintiff filed a notice in this Court on January 11, 2008, to which it attached email correspondence from Mr. Leonard, dated January 10, 2008, wherein Leonard advised that his attempt to contact Ms. Hernandez, in accordance with the Court's wishes, had failed. (Doc. 27, Exhibit 2) "Though I have no knowledge of a change of address, this letter was returned to my office marked undeliverable." (*Id*.)

11.     On January 14, 2008, the undersigned granted Leonard's motion to withdraw as counsel for Hernandez. (Doc. 29) "The attempts by Mr. Leonard and this Court to contact Ms. Hernandez have be[en] unsuccessful. There does not appear to be any reason not to grant counsel's request to withdraw." (*Id*.)

12.     On the same day that the undersigned granted Leonard's request to withdraw, plaintiff requested the undersigned to enter a report and recommendation "that claimant's claim and amended answer be stricken pursuant to plaintiff's Motion to Compel (Doc. 18) and Motion to Strike (Doc. 21) and the Court's previous orders (Docs. 19 and 25)." (Doc. 30)

13.     Plaintiff filed notice with this Court, on January 18, 2008, that it had successfully served Hernandez with a copy of its motion for report and

recommendation. (Doc. 31)

## CONCLUSIONS OF LAW

1.      Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure specifically authorizes a district court to strike pleadings or enter a default judgment against a party as a sanction for failing to comply with a discovery order. Fed.R.Civ.P. 37(b)(2)(C).

2.      This Court has broad discretion in imposing Rule 37 sanctions. *United States v. Certain Real Property Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir. 1997); *see also BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1048 (11th Cir. 1994). However, "this discretion is not unbridled." *United States v. Franklin*, 2001 WL 670630, *1 (M.D. Fla. 2001) (citation omitted). In particular, "[t]he decision to dismiss a claim or enter default judgment 'ought to be a last resort-ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders.'" *Certain Real Property Located at Route 1, Bryant, Ala.*, *supra*, 126 F.3d at 1317, quoting *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. 1986).

3.      A review of the pleadings in this case indicates that claimant Hernandez has shown a willful disregard for the orders entered by the

undersigned and, as a result, has acted in bad faith. In particular, she has willfully disobeyed this Court's order compelling her to respond to plaintiff's propounded discovery. Her bad faith is underscored by her own attorney's representation to this Court that Hernandez has refused to answer the discovery propounded to her by the United States. *See Certain Real Property Located at Route 1, Bryant, Ala.*, *supra*, 126 F.3d at 1317 ("We consistently have found Rule 37 sanctions such as dismissal or entry of default to be appropriate . . . 'where the party's conduct amounts to flagrant disregard and willful disobedience *of discovery orders.*'"). Accordingly, the undersigned recommends that the Court strike claimant's claim, as amended (*see* Docs. 5-6), and her answer (Doc. 8). *See, e.g., United States v. One 2004 Mercedes Benz SL55K AMG*, 2007 WL 1760874, *2 (E.D. Mich. 2007) ("Because Claimants have not complied with the undersigned's October 4, 2006, Order, and pursuant to its explicit provisions regarding sanctions under FED. R. CIV. P. 37(b)(2), IT IS RECOMMENDED that Plaintiff's motion be GRANTED and an order be entered striking the Claims and Answers of Kenneth Darnell Wesley, Denise Baldwin and L'Tanya Barney.");[1] *United States of America v. Three Tracts of Real Property in East Bend Township, Yadkin County,*

---

[1]        The district court adopted the Magistrate Judge's recommendation. *See id.* at *1.

*North Carolina*, 2007 WL 433381, *1 (M.D. N.C. 2007) ("Dismissal of an action or the striking of a claim is an extreme sanction reserved for circumstances of bad faith and callous disregard of the federal rules. In this case, Claimant's bad faith is apparent: she has without excuse simply ignored a direct order of this Court that she provide discovery responses, and she has not cooperated with her attorney in giving discovery. Plaintiff is severely prejudiced as it cannot produce all the evidence relevant to the issues raised by Claimant's claim. Outright non-compliance with a court order cannot be countenanced, and such flagrant violation of the rules must be deterred. No less drastic a sanction than dismissal can be effective in the face of Claimant's complete refusal to participate in discovery. Accordingly, **IT IS RECOMMENDED** that the claim of Dora Andaya (Sanchez) in this forfeiture proceeding be stricken."); *United States of America v. $61,980.00 in United States Currency*, 2004 WL 3048843, *2 (D. Kan. 2004) ("This case has essentially ground to a halt due to claimant's failure to comply with the court's discovery order. The United States has suffered prejudice because it is unable to prosecute the claim without the requested discovery. Claimant's repeated refusals to provide appropriate discovery has rendered meaningless the Magistrate's prior orders and his attempts to provide a schedule for orderly

disposition of the litigation. Claimant's inadequate discovery response in June of 2004, which came after the court had already granted a motion compelling claimant to provide discovery, is an indication of bad faith on claimant's part, and the court finds that claimant's failure to comply with the Magistrate's October 29 Order was willful. Claimant has been given more than ample time to comply with the court's orders and, if he so desires, to obtain new counsel. The court further finds that lesser sanctions under these circumstances would not likely be effective in bringing about compliance with the court's orders. Claimant was warned previously by the Magistrate that failure to comply with his order could result in claimant's claim being stricken. The court concludes that such a sanction is warranted here.").

## **CONCLUSION**

In accordance with plaintiff's request for entry of a report and recommendation (Doc. 30), it is **RECOMMENDED** that the United States' motion to strike the claim (as amended) and answer of Ana M. Hernandez for failure to comply with this Court's discovery orders (Doc. 21) be **GRANTED**.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation

9

of the Magistrate Judge.

**DONE** this the 19th day of February, 2008.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      ***Objection***.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

　s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

11